IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MYRON JOHNSON,<br><br>Defendant. | Case No. 1:23-cr-00085<br><br>**RESPONSE TO DEFENDANT'S FOURTH MOTION TO CONTINUE SENTENCING HEARING** |

The United States of America, by Jennifer Klemetsrud Puhl, Acting United States Attorney for the District of North Dakota, and David L. Rappenecker, Assistant United States Attorney, hereby responds to the Defendant's fourth Motion to Continue Sentencing Hearing and respectfully requests the Court to issue a brief scheduling order.

On July 10, 2024, the parties filed a plea agreement. Docs. 51, 52. Shortly thereafter, this Court set the dates for the change of plea and sentencing hearings. Doc. 53. On September 5, 2024, as scheduled, the Defendant changed his plea. See Doc. 54. The first sentencing hearing in this matter was set for December 17, 2024. Over one month prior to that, giving ample notice, defense counsel requested a continuance to allow the Defendant to undergo a psychological evaluation. See Doc. 55. The sentencing hearing was reset for January 23, 2025. Doc. 56.

Ten days before the second sentencing hearing, on January 13, 2025, the PSIR was filed. See Doc. 59 SEALED. The PSIR noted that the Defendant had not provided any objections or corrections to the document. See id. p. 19. Per local rules, sentencing memoranda are due seven days before a sentencing hearing, which in this case was

January 16, 2025. See D.N.D. Crim. L. R. 32.1(B). The United States filed its sentencing memorandum and supplement on January 15, 2025; however, no sentencing memoranda were filed by the Defendant. See Docs. 60, 62. On January 21, 2025, the Defendant requested a continuance of the second sentencing hearing. Doc. 63. The reasons for the continuance were to allow additional time to receive the report of the psychological evaluation that predicated the first continuance, and to allow defense counsel additional time to prepare a sentencing memorandum. See id. p. 1. The Court reset the hearing for March 25, 2025. Doc. 64.

One day before the third sentencing hearing, on March 24, 2025, the Defendant again moved to continue. Doc. 65. Defense counsel noted the hearing was not properly calendared at his office so he did not receive notice of the hearing. Id. Prior to this motion, no sentencing memoranda had been filed by the Defendant within the seven-day window. The Court reset the hearing to May 6, 2025. Doc. 66.

Now, one day before the fourth sentencing hearing, the Defendant again moves to continue. Doc. 68. Defense counsel states he has been having medical issues for the past three weeks and needs additional time to prepare for sentencing. Id. The Defendant has not filed any sentencing memoranda up to this point, nor has the United States received any notice of potential objections to the PSIR. See Fed. R. Crim. P. 32(f) (noting that objections to the PSIR must be provided in writing within 14 days of receiving the PSIR to both opposing counsel and the probation officer to allow the PSIR writer to consult with the parties and take additional investigative steps).

The undersigned understands that medical issues arise and may necessitate continuing court hearings, and the United States does not object to this continuance for this reason. However, this is the third continuance for which the United States has received extremely short notice. Prior to each hearing, the United States has spent time and energy preparing for the hearing, which has been exacerbated by the fact the United States has had no notice of potential objections to the PSIR or any sentencing arguments that will require rebuttal. More concerning, though, is the effect these short-notice continuances have had on the victim. The victim is in high school, and she and her family have at all times indicated they intend to fully exercise their rights and attend the sentencing hearing. They have made travel preparations for the last three sentencing hearings, which involves taking time off work and school to make the nearly-three-hour drive to Bismarck. Not only has it been extremely inconvenient on the victim to receive such short notice of the continuances, but it has caused her and her family mental anguish and strain to have the conclusion of this case stalled for so long. We are now eight months past the change of plea hearing, and the victim deserves to have this case concluded in a timely manner.

While the United States does not object to this continuance, it does request that the Court take measures to ensure that the Defendant's sentencing on June 3, 2025, go forward as scheduled. The United States respectfully requests the Court issue a brief scheduling order to set dates-certain for the filing of future documents related to sentencing. As of the time of writing, the Defendant has not filed any objections to the PSIR, nor has he filed a sentencing memorandum and supplement, despite previously

signaling to the Cour that such documents may be forthcoming. PSIR objections were due January 2, 2025,[1] and under the local rules, sentencing memoranda for the May 6, 2025, hearing were due no later than April 29, 2025. Given the history of continuances, the United States respectfully requests the Court order that any PSIR objections or sentencing memoranda must be filed by May 27, 2025, which is one week prior to the sentencing hearing. This will give the United States a reasonable amount of time to meet any objections and to prepare any witnesses.

THEREFORE, the United States does not object to the Defendant's fourth Motion to Continue Sentencing Hearing. The United States respectfully requests the Court to issue a brief scheduling order clarifying that any objections to the PSIR and sentencing memoranda must be filed no later than May 27, 2025.

Dated:  May 5, 2025

           JENNIFER KLEMETSRUD PUHL
           Acting United States Attorney

       By: /s/ *David Rappenecker*
           DAVID RAPPENECKER
           Assistant United States Attorney
           ND Bar ID 09575
           P.O. Box 699
           Bismarck, ND  58502-0699
           (701) 530-2420
           david.rappenecker@usdoj.gov
           Attorney for United States

---

[1] The United States and defense counsel received the email disseminating the draft PSIR on December 19, 2024.